IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

VANDEBRUG V. VANDEBRUG

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

CHERYL VANDEBRUG, APPELLANT,
V.
ERIC VANDEBRUG, APPELLEE.

Filed December 24, 2013.    No. A-13-029.

Appeal from the District Court for Thurston County: DOUGLAS L. LUEBE, County Judge. Reversed and remanded.

Scott V. Hahn for appellant.

No appearance for appellee.

IRWIN, PIRTLE, and BISHOP, Judges.

PIRTLE, Judge.

## INTRODUCTION

Cheryl Vandebrug appeals an order dismissing her petition and affidavit to obtain a domestic abuse protection order entered on December 11, 2012. For the reasons that follow, we reverse, and remand.

## BACKGROUND

Cheryl filed a petition and affidavit to obtain a domestic abuse protection order against her husband, Eric Vandebrug, in the district court for Thurston County on December 11, 2012, pursuant to Neb. Rev. Stat. § 42-901 (Reissue 2008).

In her petition, Cheryl stated that Eric is her husband and that they are the parents of three minor children, ages 6, 5, and 4. She requested the district court enter a protection order prohibiting Eric from imposing any restraint on her; prohibiting him from threatening, assaulting, or disturbing her peace; prohibiting him from telephoning, contacting, or otherwise

- 1 -

communicating with her; ordering him to stay away from specific locations; and granting her temporary custody of the minor children for a period of 90 days.

In support of her requests, Cheryl alleged that on one occasion, Eric started an argument with her in front of the children while she was standing by the front door. She alleged Eric picked her up, opened the front door, and threw her out of the door while she was wearing only underwear and a tank top. She alleged she grabbed the door handle to go back in the house and found that Eric had locked the door. She alleged that she heard the children begging Eric to open the door and that he yelled, "No."

Cheryl also alleged that on a separate date, Eric called her profane names and punched her on the right side of her face. She alleged that Eric then got into his parents' car and left and that she called the 911 emergency dispatch service. She alleged that the State Patrol and emergency medical services arrived and that she went to a hospital.

Cheryl alleged that Eric stalked her while the children were present and that she had witnesses to verbal abuse, threats that he would take the children, and his statements that she was a terrible mother.

On the date the petition was filed, the district court signed an "Order Dismissing Petition and Affidavit to Obtain Domestic Abuse Protection Order (After Hearing, No Ex Parte Order Issued)." The district court dismissed the action, finding that the court had jurisdiction of the parties in a separate action, filed December 5, 2012, and that a second case would cause "jurisdictional confusion, and waste, judicial [sic] and litigation, resources." The court noted the divorce case was to be heard on December 12, 2012. The district court did not make any findings as to the merit of the factual allegations in Cheryl's affidavit.

Cheryl filed a notice of appeal with the district court on January 10, 2013.

## ASSIGNMENTS OF ERROR

Cheryl asserts the trial court erred as a matter of law when it dismissed her petition and affidavit to obtain a domestic abuse protection order. Cheryl also asserts the district court erred in not granting an ex parte domestic abuse protection order.

## STANDARD OF REVIEW

A domestic violence protection order is analogous to an injunction. *Beemer v. Hammer*, 20 Neb. App. 579, 826 N.W.2d 599 (2013). The grant or denial of a domestic abuse protection order is reviewed de novo on the record, and an appellate court reaches conclusions independent of the factual findings of the trial court. *Id.*

## ANALYSIS

Cheryl alleged domestic abuse and sought a protection order against Eric and temporary custody of the parties' three children.

The district court issued an order dismissing Cheryl's petition, without granting or denying a protection order or setting the matter for an evidentiary hearing. The court stated that it had jurisdiction of the parties and the subject matter in a separate case that had been filed in the same court on December 5, 2012, and determined a second case would merely create jurisdictional confusion and waste judicial and litigation resources.

Cheryl asserts the court had no statutory authority to dismiss the protection order case based upon jurisdictional confusion or waste of judicial and litigation resources due to the pending divorce proceeding. Cheryl also asserts the trial court had no statutory authority to dismiss the protection order case prior to issuing an ex parte protection order or scheduling an evidentiary hearing as required by the Nebraska Revised Statutes.

Neb. Rev. Stat. § 42-924 (Cum. Supp. 2012) provides the guidelines for authorization of a domestic abuse protection order and the relief available to victims. Neb. Rev. Stat. § 42-925 (Cum. Supp. 2012) contains the procedure, duration, and notice requirements for orders issued under § 42-924(1). Section 42-925(1) states that an order may be issued ex parte to a respondent if it reasonably appears from the facts alleged that the petitioner is in immediate danger of abuse before the matter can be heard on notice. If an ex parte order is granted, the court must schedule an evidentiary hearing to be held within 30 days after service of the order. Section 42-925(2) states in part:

> If an order under subsection (1) of section 42-924 is not issued ex parte, the court shall immediately schedule an evidentiary hearing to be held within fourteen days after the filing of the petition, and the court shall cause notice of the hearing to be given to the petitioner and the respondent.

This action is separate and distinct from the December 5, 2012, filing, and according to the statutes, the petitioner was either entitled to an ex parte order or an evidentiary hearing on the issues. We note the court's order states it is an "Order Dismissing Petition and Affidavit to Obtain Domestic Abuse Protection Order (After Hearing, No Ex Parte Order Issued)," though no hearing was held. We find the district court erred in dismissing Cheryl's petition.

## CONCLUSION

We find the district court erred in dismissing Cheryl's petition and affidavit to obtain a domestic abuse protection order, and we reverse, and remand the matter to the district court for a determination under § 42-925(1) or (2).

REVERSED AND REMANDED.